UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVER U. GANTT,

       Petitioner,

                            CASE NO. 04-CV-70069-DT
v.                                  HONORABLE GEORGE CARAM STEEH

RAYMOND BOOKER,

       Respondent.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner has filed a notice of appeal concerning this Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, as well as a motion to proceed on appeal *in forma pauperis* on appeal. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

1

U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

As discussed in this Court's opinion and order, Petitioner's jury instruction, verdict form, evidentiary, and ineffective assistance of trial counsel claims are barred by procedural default as he failed to properly raise those claims in the state courts and failed to establish cause and prejudice or a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *see also Schlup v. Delo,* 513 U.S. 298, 326-27 (1995).  Furthermore, he has failed to make a substantial showing of the denial of a constitutional right as to each of those claims. He has not shown that the jury instructions on use of deadly force or first-degree home invasion, the verdict form, or the admission of the cane sword rendered his trial fundamentally unfair, *see Estelle v. McGuire*, 502 U.S. 62, 72 (1991), or trial counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner has also not made a substantial showing of the denial of a constitutional right as to his remaining claims.  As to the insufficient evidence claim, the record reveals that the prosecution presented ample evidence, including testimony from the mother of Petitioner's children and Petitioner's daughter, to establish Petitioner's guilt of second-degree murder and first-degree home invasion beyond a reasonable doubt as required by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  As to the prosecutorial misconduct claim, the record reveals that the

2

prosecutor's comments were proper and/or did not render his trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). Lastly, Petitioner cannot establish appellate counsel was ineffective under the standard set forth in *Strickland, supra,* given that the foregoing claims lack merit.

The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right concerning his habeas claims, nor has he shown that reasonable jurists would find the Court's procedural rulings debatable. Accordingly, the Court **DENIES** a certificate of appealability. Given this determination, the Court also **DENIES** his motion for leave to proceed on appeal *in forma pauperis*, *see* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

    s/George Caram Steeh
    GEORGE CARAM STEEH
    UNITED STATES DISTRICT JUDGE

Dated: April 20, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 20, 2005, by electronic and/or ordinary mail.

    s/Marcia Beauchemin
    Case Manager/Deputy Clerk